UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK HANNUM, et al.,

Plaintiffs,

v.

SELECT PORTFOLIO SERVICING, INC.,

Defendant.

No.  2:26-cv-01895-DAD-AC

ORDER GRANTING *EX PARTE* APPLICATION FOR TEMPORARY RESTRAINING ORDER

(Doc. No. 4)

This matter is before the court on plaintiffs' *ex parte* application for temporary restraining order.  (Doc. No. 4.)  For the reasons explained below, plaintiffs' application for a temporary restraining order will be granted.

**BACKGROUND**

On May 21, 2026, plaintiffs filed their complaint against defendant Select Portfolio Servicing, Inc. seeking a temporary restraining order deferring a trustee sale of plaintiffs' property scheduled for May 27, 2026.  (Doc. No. 1.)  In their complaint, plaintiffs allege as follows.

Plaintiffs reside at and own the property located at 6705 Barton Road, Granite Bay, CA 95746 ("the Subject Property").  (*Id.* at ¶ 11.)  On or about June 29, 2001, plaintiffs purchased the Subject Property via grant deed and executed a first position loan for $798,750 with North

1

American Management Company.  (*Id.* at ¶ 12.)  In 2004, the loan was refinanced for $990,000.  (*Id.* at ¶ 13.)  At some point, defendant became the servicer of plaintiffs' loan.  (*Id.* at ¶ 15.)  A notice of default was recorded with respect to the Subject Property on July 18, 2025.  (*Id.* at ¶ 14.)  On February 19, 2026, a notice of trustee's sale was recorded as to the Subject Property.  (*Id.* at ¶ 16.)

Shortly after the recording of the notice of trustee's sale, plaintiffs submitted a loan modification application to defendant.  (*Id.* at ¶ 17.)  On April 20, 2026, plaintiffs received a letter from defendant indicating that the loan modification application was denied.  (*Id.* at ¶ 18.)  The letter informed plaintiffs they had 30 days to submit a written appeal of the denial to defendant.  (*Id.*)  On May 19, 2026, plaintiffs submitted an appeal of the denial via email to defendant.  (*Id.* at ¶ 19.)  Plaintiffs have not received a response to their appeal.  (*Id.*)  A trustee's sale has been scheduled for May 27, 2026 and defendant intends to proceed with that sale.  (*Id.* at ¶ 20.)

Based on the foregoing, plaintiffs bring the following two claims against defendant: (1) violation of the Homeowner Bill of Rights ("HBOR"), California Civil Code § 2923.6; and (2) violation of the Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*  (*Id.* at ¶¶ 21–36.)  On May 22, 2026, plaintiffs filed the pending *ex parte* application for temporary restraining order.  (Doc. No. 4.)  Attached to that application is a declaration from attorney Caleb Gonzales regarding the efforts undertaken to notify defendant of the pending motion for temporary restraining order.  (Doc. No. 4-2.)

## LEGAL STANDARD

The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction.  *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1172 (9th

2

Cir. 2011) ("After *Winter*, 'plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction.'"); *Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). The Ninth Circuit has also held that "[a] preliminary injunction is appropriate when a plaintiff demonstrates . . . that serious questions going to the merits were raised and the balance of hardships tips sharply in the plaintiff's favor." *Id.* at 1134–35 (quoting *Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008) (*en banc*)).[1] The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009); *see also Caribbean Marine Servs. Co. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988) (citation omitted) ("A plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary injunctive relief."). Finally, an injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

Relevant to the court's consideration of plaintiffs' pending *ex parte* motion, a court may only issue a temporary restraining order without notice to the adverse party when:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition [and]
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Moreover, *ex parte* temporary restraining orders "should be restricted to serving their underlying purpose of preserving the *status quo* and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda County*, 415 U.S. 423, 439 (1974).

---

[1] The Ninth Circuit has found that this "serious question" version of the circuit's sliding scale approach survives "when applied as part of the four-element *Winter* test." *All. for the Wild Rockies*, 632 F.3d at 1134. "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* at 1135.

3

**DISCUSSION**

Below, the court first analyzes whether plaintiffs have met their burden under Rule 65(b)(1)(b) to justify the granting of an *ex parte* temporary restraining order in this case.  The court then addresses whether plaintiffs have met their burden of showing that the *Winter* factors weigh in their favor such that the issuance of a temporary restraining order is appropriate.

**A.**    **Rule 65 Notice**

As addressed above, a temporary restraining order may be issued without notice to the adverse party or its attorney only under strictly limited circumstances.  Fed. R. Civ. P. 65(b)(1); *see also* L.R. 231(a) ("Except in the most *extraordinary of circumstances*, no temporary restraining order shall be granted in the absence of actual notice to the affected party and/or counsel, by telephone or other means, or a sufficient showing of efforts made to provide notice.") (emphasis added).  The Supreme Court has emphasized that an *ex parte* temporary restraining order is justified only in very limited circumstances:

> The stringent restrictions imposed . . . by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute.  *Ex parte* temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer.

*Granny Goose Foods, Inc.*, 415 U.S. at 438–39 (internal citation omitted); *McZeal v. EMC Mortg. Corp.*, No. 13-cv-07220-MMM-CW, 2013 WL 12138853, at *1 n. 3 (C.D. Cal. Nov. 4, 2013) ("Only in rare circumstances can a federal court issue a TRO without written or oral notice to the adverse party.").  "In cases where notice could have been given to the adverse party, courts have recognized 'a very narrow band of cases in which *ex parte* orders are proper because notice to the defendant would render fruitless the further prosecution of the action.'" *Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (quoting *Am. Can Co. v. Mansukhani*, 742 F.2d 314, 322 (7th Cir. 1984)); *see also Harnden v. Perez*, No. 21-cv-09231-LHK, 2021 WL 7367123, at *3 (N.D. Cal. Dec. 8, 2021).

/////

4

Local Rule 231(c) also sets out further procedural requirements for the filing of an *ex parte* temporary restraining order. Specifically, that Local Rule 231(c) requires that the movant provide the following documents: (1) a complaint; (2) a motion for temporary restraining order; (3) a brief on all relevant legal issues presented by the motion; (4) an affidavit in support of the existence of an irreparable injury; (5) an affidavit detailing the notice or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given; (6) a proposed temporary restraining order with a provision for a bond; (7) a proposed order with blanks for fixing the time and date for hearing a motion for preliminary injunction, the date for the filing of responsive papers, the amount of the bond, if any, and the date and hour of issuance; and (8) the proposed order shall further notify the affected party of the right to apply to the court for modification or dissolution on two (2) days' notice or such shorter notice as the court may allow, in the event that the sought temporary restraining order is to be issued *ex parte*. L.R. 231(c).

Here, attorney Gonzales declares that he provided notice of these proceedings to defendant by email on May 22, 2026. (Doc. No. 4-2 at ¶ 2.) He declares that he realized that he provided an incorrect case number to defendant and subsequently emailed defendant to attempt to correct this mistake. (*Id.* at ¶¶ 3, 4.) However, attorney Gonzales, even in this subsequent email, appears to have again provided the incorrect case number for this action, listing 2:26-cv-18895 instead of 2:26-cv-01895. (*Id.* at ¶ 4.) Accordingly, the court finds that adequate notice has not been provided to defendant. Moreover, plaintiffs have not fully complied with this court's Local Rules since plaintiffs' proposed order does not notify the affected party of its right to apply to the court for modification or dissolution of the temporary restraining order on two days' notice.

Nevertheless, in light of the foreclosure sale scheduled for tomorrow—May 27, 2026—the court finds that plaintiffs have adequately shown that irreparable injury will result if the court does not waive the notice requirement and that plaintiffs have adequately explained the efforts they have undertaken to provide notice, despite the clear deficiency of those efforts. *See Johnson v. Bank of Am., N.A.*, No. 15-cv-03181-LHK, 2015 WL 4198724, at \*6–7 (N.D. Cal. July 10, 2015) (finding that, despite the plaintiff's delay in seeking an *ex parte* temporary restraining

5

order, plaintiff had at least made some efforts to provide notice and the threat of an imminent foreclosure sale justified issuance of an *ex parte* temporary restraining order); *see also Reif v. Newrez, LLC*, No. 2:25-cv-02963-DC-AC, 2025 WL 2926563, at *2–3 (E.D. Cal. Oct. 15, 2025) (finding that the plaintiff had complied with the requirements of Federal Rule of Civil Procedure 65 in seeking an *ex parte* temporary restraining order where the plaintiff's attorney attempted to email defendant regarding the pending motion and a foreclosure sale was imminent thus prohibiting a fully-noticed motion).[2]  Moreover, although plaintiffs have failed to comply with the Local Rules of this court, they have included most of the information required by those rules such as a motion for temporary restraining order, a complaint, and a brief on the relevant legal issues presented by the application.  L.R. 231(c).  Accordingly, the court excuses plaintiffs' failure to comply with the Local Rules in this regard.  *Reif*, 2025 WL 2926563, at *3 (excusing failure to comply with local rules where most of the requisite information was provided).

**B.  Likelihood of Success on the Merits**

As stated previously, plaintiffs allege violations of the HBOR, California Civil Code §§ 2923.6, and the UCL.  Section 2923.6 prohibits "dual tracking," whereby a lender proceeds with the foreclosure process while reviewing a loan modification application.  *See* Cal. Civil Code § 2923.6(c).  "Dual tracking has been heavily criticized by both state and federal legislators." *Bermudez v. Caliber Home Loans, Inc.*, No. 2:16-cv-01570-MCE-KJN, 2016 WL 3854431, at *2 (E.D. Cal. July 14, 2016).  In July 2012, California passed the HBOR legislation to prohibit such practices and offer homeowners greater protection during the foreclosure process. *Id*.  The statute provides that:

> If a borrower submits a complete application for a first lien loan modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan

---

[2]  The court observes that both of these cited orders pertain to the notice efforts made by the same plaintiffs' counsel as are appearing in this case.  In light of the apparently repeatedly deficient notice efforts made by the identified counsel, the court advises plaintiffs' counsel to thoroughly review the requirements of the Federal Rules of Civil Procedure and the Local Rules before seeking *ex parte* relief.

modification application is pending.  A mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall not record a notice of default or notice of sale or conduct a trustee's sale until any of the following occurs:

(1) The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

(2) The borrower does not accept an offered first lien loan modification within 14 days of the offer.

(3) The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civil Code § 2923.6(c).  Section 2923.6(d) further provides that "[i]f the borrower's application for a first lien loan modification is denied, the borrower shall have at least 30 days from the date of the written denial to appeal the denial and to provide evidence that the mortgage servicer's determination was in error."  *Id.* § 2923.6(d).  "Section 2923.6(c)–(d) thus 'prohibits recording a notice of default or sale and conducting that sale' while a loan modification application is pending."  *Mcbride v. PHH Mortg. Corp.*, No. 2:23-cv-02242-WBS-DB, 2024 WL 557791, at *1 (E.D. Cal. Feb. 12, 2024) (quoting *Marquez v. U.S. Bank, N.A.*, No. 15-cv-06658-JAK-E, 2016 WL 2885857, at *7 (C.D. Cal. May 16, 2016)); *see also Shupe v. Nationstar Mortg. LLC*, 231 F. Supp. 3d 597, 602 (E.D. Cal. 2017) ("Part of HBOR, California Civil Code § 2923.6 places restrictions on the recording of Notices of Default or Notices of Trustee's Sale while a loan modification application is pending.").

Here, plaintiffs allege that the notice of trustee's sale was recorded on the Subject Property on February 19, 2026.  (Doc. No. 1 at ¶ 16.)  Plaintiffs also allege that they thereafter submitted a loan modification application which was denied on April 20, 2026.  (*Id.* at ¶¶ 17, 18.)  According to plaintiffs, an appeal of that denial was submitted on May 19, 2026 and they have not yet received a response regarding that appeal.  (*Id.* at ¶ 19.)  Nevertheless, plaintiffs allege that defendant intends to proceed with the scheduled trustee's sale on May 27, 2026.  (*Id.* at ¶ 20.)  California Civil Code § 2923.6(e)(2) provides that a mortgage servicer cannot "conduct a trustee's sale . . . [i]f the borrower appeals the denial . . . [until] the later of 15 days after the denial of the appeal or 14 days after a first lien loan modification is offered after appeal but

7

declined by the borrower[.]" Cal. Civil Code § 2923.6(e). It is clear to the court that, on the face of the statute and in light of plaintiffs' allegations, going forward with a May 27, 2026 trustee's sale would violate the provisions of § 2923.6(c)–(e). *See Lane v. Citimortgage, Inc.*, No. 2:14-cv-02295-KJM-KJN, 2014 WL 5036512, at *1 (E.D. Cal. Oct. 7, 2014) (finding a likelihood of success on the merits under California Civil Code § 2923.6(c) where the plaintiff showed that her appeal of her loan modification denial was still pending with no response).

Accordingly, plaintiffs have demonstrated there are at least serious questions raised as to the merits of their § 2923.6 claim.

**C.      Likelihood of Irreparable Harm, Balance of Equities & the Public Interest**

Plaintiffs have also made a sufficient showing on each of the remaining three elements. As to irreparable harm, "loss of plaintiff's residence is a sufficient showing of irreparable harm." *Lane*, 2014 WL 5036512, at *2; *see also Kilgore v. Wells Fargo Home Mortg.*, No. 1:12-cv-00899-AWI, 2012 WL 2195656, at *1 (E.D. Cal. June 13, 2012) ("With respect to irreparable injury, a plaintiff's loss of her residence is usually sufficient to satisfy this element."). Plaintiffs have shown immediate and irreparable injury will occur in the form of the loss of their home of many years if the foreclosure sale of his home proceeds as scheduled on May 27, 2026. (Doc. No. 4-3 at 5–6.)

In addition, the balance of the equities favors plaintiffs: they will lose their residence if the sale goes forward, whereas defendant faces the "inability to foreclose." (Doc. No. 4-3 at 6.) The court observes that if the foreclosure sale on May 27, 2026 is enjoined, defendant will be required to complete review of plaintiffs' appeal based on their application for a loan modification before potentially continuing to proceed to foreclosure. Accordingly, consideration of this factor tips sharply in favor of plaintiffs as well. *See Reif*, 2025 WL 2926563, at *4 (finding that the balance of equities tipped in the plaintiff's favor where the plaintiff was at risk of losing his residence where the defendant would only face delay of foreclosure; *Mcbride*, 2024 WL 557791, at *2 ("There is injury and inconvenience on both sides, but the balance of it lies with plaintiff, and therefore cuts in favor of a temporary injunction.")

/////

8

Finally, plaintiffs argue that an injunction is in the public interest because it would simply give legal effect to the statutory protections allowing the right to appeal a loan modification application denial. (Doc. No. 4-3 at 6–7.) "The public has a strong interest in foreclosure sales being conducted according to the letter and the spirit of the law." *Mcbride*, 2024 WL 557791, at *2. Accordingly, the court concludes that the public interest also militates in favor of granting plaintiffs' request. *See Reif*, 2025 WL 2926563, at *4 (finding the public interest factor weighed in the plaintiff's favor because the public has an interest in foreclosure sales being conducted according to the letter and spirit of the law).

Because all of the *Winter* factors weigh in favor of granting plaintiffs' application, the court will grant plaintiffs' *ex parte* application for a temporary restraining order.

## CONCLUSION

For the reasons above,

1.  Plaintiffs' *ex parte* application for a temporary restraining order (Doc. No. 4) is GRANTED as follows:

    a.  For a period of fourteen (14) days from the date of entry of this order, defendant is ENJOINED AND RESTRAINED from conducting a trustee's sale of the real property located at 6705 Barton Road, Granite Bay, CA 95746;

2.  The parties are DIRECTED to meet and confer regarding a briefing schedule for plaintiffs' anticipated motion for preliminary injunction;

3.  No bond shall be required to be posted by plaintiffs pursuant to Rule 65(c) of the Federal Rules of Civil Procedure; and

/////

/////

/////

/////

/////

/////

4.     Defendant is further notified of its right to apply to the court for modification or dissolution of this temporary restraining order, if appropriate and supported by a showing of good cause, on two (2) days' notice or such shorter notice as the court may allow.  *See* Fed. R. Civ. P. 65(b)(4) and Local Rule 231(c)(8).

IT IS SO ORDERED.

Dated:   **May 26, 2026**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

10